JOHN H. DEUBELL VS. C. H. FISHER, ADMINISTRATOR.

*Claim, Special Verdict.*

A settlement made by the husband on the wife, after marriage, without valuable consideration, and not executed in pursuance of any agreement entered into before marriage, is a mere *voluntary* conveyance, and void as against *prior* creditors of husband.

**By BERRIEN, Judge.**

**THERE** is a single question presented to the consideration of the Court in this case; It is this:

Whether the conveyance made by C. H. Fisher, on the seventh of March, eighteen hundred and eleven, of the property levied on, can be considered as a conveyance made upon good consideration and bona fide, and therefore may be maintained against creditors, or is merely voluntary and consequently operative only in subordination to their claims. The case has been made up by consent—and I state this as the question, which I presume it was the intention of the parties to present for decision—because the detail of facts which is contained in the verdict would otherwise have been useless. So considering it, I have no hesitation to say that this conveyance must be postponed to the claims of creditors. An almost uniform series of decisions seems to have settled the law as to conveyances from husband to wife after marriage, where they have been dictated only by a spontaneous movement of affection or of prudence. The Courts have indeed always lent a willing ear to the suggestion of circumstances, calculated to bring these settlements within the support of a valuable consideration. An agreement before marriage—the surrender by the wife of any valuable interest in consideration of the settlement, are circumstances of which the Courts have studiously availed themselves to support such conveyances, when not open

[Deubell vs. Fisher, Administrator.]

to the imputation of fraud, and resting upon the respectable motive of making provision for a family. But this latter fact cannot alone sustain such a conveyance. The moral exigency for such provision arising from the destitute condition of the wife and children has not yet been considered by the Courts, as furnishing a consideration sufficient to take a case out of the statute of Elizabeth. It must bend to the claims of a general creditor, that is of a creditor whose debt had existence before the voluntary settlement. Such is the present case. The debt of the plaintiff in execution existed anterior to the settlement. No agreement before marriage is set up. The settlement purports to create a trust for the wife merely, and no suggestion is made of her having parted with any interest in consequence of it, which might in the most favorable view of her rights, have given to it the character of a conveyance upon valuable consideration.

I am constrained to declare that this conveyance is merely voluntary, and therefore void as against general creditors within the statute of Elizabeth. The postea must consequently be awarded to the plaintiff in execution.